### SIMPSON v. NEWINGER et.
Ohio Appeals, 1st Dist., Hamilton Co.
No. 3076.    Decided Dec. 19, 1927.
First Publication of This Opinion.
Syllabus by Editorial Staff.

480.  EVIDENCE—620.  Impeachment.
1. Contradictory statement of witness may be shown for purpose of impeachment.

2. Fact that witness is agent of principal, does not furnish exception to this rule.

3. Fact not admissible in chief cannot be introduced indirectly under the guise of impeachment.

4. Danger that evidence, properly introduced for impeachment purposes, may be used for improper purpose, not sufficient ground for excluding such evidence.

225. CHARGE OF COURT.

Improper for court to pick out part of evidence introduced in case and comment on same, giving it undue emphasis.

Error to Common Pleas.
Judgment reversed.

Davies, Hoover & Beall, Cincinnati, for Simpson.

August Rendigs and Edwd. L. Meyer, Cincinnati, for Newinger et.

STATEMENT OF FACTS.

This is a personal injury case, the trial of which resulted in a verdict and judgment for the defense.

Plaintiff in error, who was plaintiff below, prosecuted error to this court, specifying two grounds for reversal: First, error in the exclusion of evidence; and second, error in the general charge.

The evidence excluded concerned the laying of the foundation for impeachment of a witness for the defense. The events that took place bearing on the question, are as follows:

"Q. Do you remember talking to a man by the name of Merland, who said he represented the Bus Co.?

A. I remember a man coming into the store; but he didn't mention any names.

Q. You told him didn't you—

Mr. Rendigs: Just a moment; I want to interpose an objection to any statements he might have made. This is the agent, and not the principal.

The Court: I understand; I will sustain the objection.

Mr. Beall: I would like to be heard on this matter. He has made a statement here that he was fifteen feet behind the bus, and I think a contrary statement made to—

Mr. Beall: My purpose, if your Honor please, is to impeach this witness.

The Court: I am aware of that.

Mr. Beall: Your Honor rules that I may not proceed?

The Court: Yes.

Mr. Beall: I will take an exception.

HAMILTON, PJ.

"This record discloses that counsel for the plaintiff was cross-examining the main witness for the defendant; that he sought to lay the foundation for impeachment by asking the witness if he had made contrary statements at another time and place to a certain person, and that he was doing this for the sole purpose of impeachment.

The court did not permit counsel to finish the question, and ruled that he should not proceed on that line. This was error. The court was probably misled in applying the rule that a principal is not bound by the statements of his agent, of facts constituting substantive evidence of liability.

The general rule is that, having laid the foundation, contradictory statements of witnesses may be shown for the purpose of impeachment. We know of no law that would make an exception to the rule where the witness happened to be an agent of a principal. It is true that facts not admissible in chief cannot be introduced indirectly under the guise of impeachment. But that was not the purpose for which this evidence was offered. It

has been said that there is always a danger that such evidence, in contradiction, will be used for an improper purpose; that is, instead of using it for impeachment purposes, the jury might look to the contradiction as evidence of the defendant's liability. It was held by the Supreme Court of Ohio in the case of Kent v. State, 42 OS. 426, that: "It is well settled that this danger is not sufficient ground for excluding the evidence."

The evidence should have been admitted by the court with careful instructions to the jury that it should be considered only as affecting the credibility of the witness.

The matter complained of in the general charge is found on pages 134 and 135, and is as follows:

"* * * the Court may say that if you should find that the plaintiff alighted from the bus while it was still in motion, that should be taken, or may be taken, into consideration by you in determining whether or not the plaintiff was guilty of any negligence by so alighting from the bus; and the same would apply to the claim that he alighted from the bus while it was out in the street some place."

This part of the charge should not have been given, and particularly in the manner in which it was stated to the jury. The language used would have a tendency to lead the jury to the conclusion that the main question in the case was as to whether or not the plaintiff had jumped off the bus while the bus was in motion. This was but one phase of the evidence bearing upon the question of negligence of the defendant, as well as contributory negligence of the plaintiff.

It is improper for the trial court to pick out a part of the evidence introduced in a case and comment on the same, giving it undue emphasis. That this charge had this effect is further shown where, on page 138 of the record, the question was asked by a juror: "I would like to know if that bus had its doors open so that passengers could enter or leave the bus?" It will be borne in mind that the Bus Co. was not a party to the case, and it seems to have had the effect of mainly directing the jury to the question of whether or not the plaintiff was guilty of contributory negligence in getting off of the bus before it stopped, and minimizing the question of the negligence of the defendant, which might, notwithstanding the conduct of the plaintiff in getting off the bus, have been wholly responsible for the accident. The evidence was admitted generally and not limited to a specific purpose, and should not have been emphasized by special reference in the charge.

This error affects all the issues and is not cured by the general verdict.

For error in excluding the evidence referred to, and for error in the charge of the court herein stated, the judgment will be reversed, and the cause remanded for a new trial."

(Mills and Cushing, JJ., concur.)